Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| GLENNYS MARIE CASTRO MUÑIZ<br><br>Peticionaria<br><br>v.<br><br>JAVIER ANDRÉS CALDERÓN MARTÍNEZ<br><br>Recurrido | TA2026CE00252 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2024CV03047<br><br>Sobre: Liquidación de Comunidad de Bines |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero.

*Martínez Cordero, jueza ponente*

## RESOLUCIÓN

En San Juan, Puerto Rico, a 13 de marzo de 2026.

Comparece Glennys Marie Castro Muñiz (en adelante, señora Castro Muñiz o peticionaria) mediante un recurso de *certiorari*, para solicitarnos la revisión de la *Resolución y Orden* emitida el 15 de diciembre de 2025, por el Tribunal de Primera Instancia, Sala Superior de San Juan.[1] Mediante el dictamen recurrido, el tribunal de instancia denegó una solicitud de la peticionaria en la cual anunció un perito de parte.

Por los fundamentos que expondremos, se *deniega* la expedición del auto de *Certiorari*.

I

El caso del título inició, el 2 de abril de 2024, cuando la peticionaria interpuso una *Demanda* sobre liquidación de comunidad de bienes gananciales y enriquecimiento injusto.[2] Posteriormente, y luego de varios incidentes procesales innecesarios

---

[1] Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC TPI), a la Entrada Núm. 70.
[2] *Íd.*, a la Entrada Núm. 1.

mencionar, el 9 de agosto de 2024, la peticionaria presentó una *Demanda enmendada.*[3] En reacción, el 6 de septiembre de 2024, el señor Javier Andrés Calderón Martínez (en adelante, señor Calderón Martínez o recurrido) instó una *Moción de desestimación al amparo de la Regla 10.2 de las de Procedimiento Civil,*[4] a la cual la peticionaria se opuso.[5]

En respuesta a la moción dispositiva, así como a la oposición, el 30 de abril de 2025, notificada el 1 de mayo de 2025, el tribunal de instancia emitió una *Resolución y orden de conferencia inicial.*[6] En la antedicha resolución, el foro *a quo* declaró *No Ha Lugar* la solicitud de desestimación y ordenó al recurrido a presentar alegación responsiva. Además, señaló la vista de conferencia inicial, así como que dispuso la fecha límite para presentar el informe de conferencia inicial.

Así las cosas, y luego de haberse concedido una prórroga al recurrido, el 30 de mayo de 2025, presentó su *Contestación a demanda enmendada y reconvención.*[7] En reacción, el 12 de junio de 2025, la peticionaria interpuso su *Contestación a reconvención.*[8]

De lo que sigue, el 8 de julio de 2025, las partes presentaron el *Informe para el manejo del caso.*[9] Luego, el 15 de julio de 2025, se celebró la vista de conferencia inicial.[10] Producto de la misma, el 16 de julio de 2025, el foro de instancia emitió y notificó la *Orden de calendarización.*[11] De la antedicha orden, se desprende específicamente las fechas provistas por el foro de instancia para realizar el descubrimiento de prueba con los debidos apercibimientos. En lo atinente, el tribunal *a quo* dispuso que la

---

[3] SUMAC TPI, a la Entrada Núm. 21.
[4] *Íd.*, a la Entrada Núm. 24.
[5] *Íd.*, a la Entrada Núm. 26.
[6] *Íd.*, a la Entrada Núm. 34.
[7] *Íd.,* a la Entrada Núm. 39.
[8] *Íd.,* a la Entrada Núm. 44.
[9] *Íd.,* a la Entrada Núm. 47.
[10] *Íd.,* a la Entrada Núm. 56.
[11] *Íd.,* a la Entrada Núm. 53.

fecha límite para que la peticionaria anunciara perito sería el 30 de agosto de 2025, mientras que para el recurrido sería el 30 de octubre de 2025. Por otro lado, la fecha para que dichos peritos rindieran su informe sería el 30 de septiembre de 2025 para el perito de la peticionaria, mientras que para el perito del recurrido sería el 30 de noviembre de 2025. De la orden, se desprende, además, que la fecha límite para concluir todo el descubrimiento de prueba sería el 15 de diciembre de 2025.

Luego de varios incidentes procesales innecesarios detallar, pero, puntualizando que fueron relacionados a los trámites relacionados al descubrimiento de prueba, el 3 de diciembre de 2025, la peticionaria presentó una *Moción al expediente judicial.*[12] El propósito de su escrito fue anunciar un perito. Mediante *Orden,* emitida el 4 de diciembre de 2025, y notificada al día siguiente, el foro *a quo* quedó enterado de lo informado.[13]

Ahora bien, el mismo 5 de diciembre, en reacción al anuncio del perito, el recurrido presentó su oposición.[14] Adujo que la fecha ordenada por el foro de instancia para que la peticionaria anunciara perito había vencido, así como el término para que rindiera el informe pericial. Específicamente, esbozó que la peticionaria estaba anunciando un perito luego de haber transcurrido cuatro (4) meses desde el vencimiento de dicho término. A tenor, objetó el anuncio de la peticionaria por ser tardío, sin haber mediado solicitud de prórroga ni justificación alguna.

En respuesta, mediante *Resolución y orde*n emitida y notificada el 15 de diciembre de 2025, el tribunal de instancia declaró *No Ha Lugar* el anuncio del perito por la peticionaria.[15]

---

[12] SUMAC TPI, a la Entrada Núm. 67.
[13] *Íd.,* a la Entrada Núm. 68.
[14] *Íd.*, a la Entrada Núm. 69.
[15] *Íd.*, a la Entrada Núm. 70.

En desacuerdo, el 29 de diciembre de 2025, la peticionaria presentó una *Solicitud de reconsideración sobre anuncio de perito*.[16] Esbozó, en síntesis, que debía dejarse sin efecto la determinación de no autorizar el perito anunciado, por ser una medida drástica contra dicha parte sin haber existido apercibimientos previos.

En reacción, el 19 de enero de 2026, el recurrido presentó *Oposición a reconsideración de la demandante Castro*.[17] Arguyó, en esencia, que, en la solicitud de reconsideración interpuesta por la peticionaria, no se presentó justificación alguna para su incumplimiento con el calendario del descubrimiento de prueba, nunca solicitó prórroga para cumplir e incurrió en extrema dilación para anunciar un perito. Esgrimió que lo que pretendía la peticionaria era dilatar los procedimientos en este caso. Así, pues, solicitó que se denegara la solicitud de reconsideración.

De ahí, la peticionaria interpuso una réplica,[18] y el recurrido una dúplica.[19] Por un lado, la peticionaria alegó que lo expuesto por el recurrido en su oposición se trataba de un mero tecnicismo de calendarización que no debía desencadenar en una sanción extrema como la eliminación de un perito. Por otro lado, el recurrido adujo que el pedimento de la peticionaria carecía de fundamento fáctico y jurídico y, como tal, debía denegarse la solicitud de reconsideración.

Examinados los antedichos escritos, mediante *Resolución*, emitida y notificada el 3 de febrero de 2026, el foro de instancia declaró *No Ha Lugar* la solicitud de reconsideración.[20] El tribunal de instancia concluyó que luego de haber evaluado las posiciones de las partes procedía denegar lo solicitado. Concluyó que la peticionaria no solicitó prórroga dentro del término concedido por el

---

[16] SUMAC TPI, a la Entrada Núm. 71.
[17] *Íd.*, a la Entrada Núm. 73.
[18] *Íd.*, a la Entrada Núm. 74.
[19] *Íd.*, a la Entrada Núm. 75.
[20] *Íd.*, a la Entrada Núm. 86.

tribunal *–para cumplir con el descubrimiento de prueba-* ni acreditó justa causa.

Insatisfecha con lo resuelto, el 2 de marzo de 2026, compareció ante nos la peticionaria mediante un recurso de *certiorari* en el cual esbozó la comisión del siguiente error:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL EXCLUIR LA PRUEBA PERICIAL DE LA PARTE DEMANDANTE POR INCUMPLIMIENTO CON LA ORDEN DE CALENDARIZACIÓN, SIN REALIZAR DETERMINACIONES ESPECÍFICAS SOBRE PERJUICIO REAL, MALA FE O CONTUMACIA, Y SIN CONSIDERAR ALTERNATIVAS PROCESALES MENOS DRÁSTICAS.

Mediante *Resolución* emitida el 4 de marzo de 2026, concedimos a la parte recurrida hasta el 12 de marzo de 2026, para expresarse en torno al recurso. El 12 de marzo de 2026, compareció la parte recurrida mediante *Oposición a que se expida el recurso de certiorari por no cumplir con la Regla 40*. Con el beneficio de la comparecencia de las partes, procederemos a disponer del recurso instado.

## II

### A. Expedición del recurso de *Certiorari*

Los recursos de *certiorari* presentados ante el Tribunal de Apelaciones deben ser examinados en principio bajo la Regla 52.1 de las Reglas de Procedimiento Civil.[21] Esta Regla limita la autoridad y el alcance de la facultad revisora de este foro apelativo, mediante el recurso de *certiorari*, sobre órdenes y resoluciones dictadas por los Tribunales de Primera Instancia. La Regla lee como sigue:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o

---

[21] 32 LPRA Ap. V, R. 52.1.

en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de Certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.[22]

[…].[23]

Por su parte, la Regla 52.2 (b) dispone sobre los términos y efectos de la presentación de un recurso de *certiorari* que:

Los recursos de *certiorari* al Tribunal de Apelaciones para revisar resoluciones u órdenes del Tribunal de Primera Instancia o al Tribunal Supremo para revisar las demás sentencias o resoluciones finales del Tribunal de Apelaciones en recursos discrecionales o para revisar cualquier resolución interlocutoria del Tribunal de Apelaciones deberán presentarse dentro del término de treinta (30) días contados desde la fecha de notificación de la resolución u orden recurrida. El término aquí dispuesto es de cumplimiento estricto, prorrogable sólo cuando medien circunstancias especiales debidamente sustentadas en la solicitud de *certiorari.*

[…].[24]

Establecido lo anterior, precisa señalar que

Establecido lo anterior, precisa señalar que el recurso de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior.[25] A diferencia del recurso de apelación, el auto de *certiorari* es de carácter discrecional.[26] La discreción ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera".[27] A esos efectos, se ha considerado que "la discreción se nutre de un juicio racional apoyado en la razonabilidad y en un sentido llano de justicia y no es función al antojo o voluntad de uno, sin tasa ni limitación alguna".[28]

---

[22] 32 LPRA Ap. V, R. 52.1.
[23] *Íd.*
[24] *Íd.*
[25] *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023)*; 800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020).
[26] *Rivera Figueroa v. Joes's European Shop*, 183 DPR 580, 596 (2011).
[27] *Mun. de Caguas v. JRO Construction, Inc.* 201 DPR 703, 712 (2019); *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434-435 (2013).
[28] *SLG Zapata-Rivera v. J.F. Montalvo,* supra, 435.

De otra parte, la Regla 40 del Reglamento del Tribunal de Apelaciones esgrime que el Tribunal deberá considerar ciertos criterios para expedir un auto de *certiorari*. Estos son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición el auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. [29]

Por otro lado, el Tribunal Supremo de Puerto Rico ha establecido que un tribunal revisor no debe sustituir su criterio por el del foro de instancia, salvo cuando estén presentes circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto.[30] Igualmente, al evaluar la procedencia del referido auto, debemos tener presente que el foro primario tiene amplia discreción para manejar los casos ante su consideración.[31] De manera que los Tribunales Apelativos no debemos pretender conducir ni manejar el trámite ordinario de los casos que atiende la primera instancia judicial.[32] Ello, puesto que el foro primario es el que mejor conoce las particularidades de los asuntos ante su consideración.[33]

Por último, advertimos que la denegatoria a expedir un recurso discrecional no implica la ausencia de error en el dictamen

---

[29] Regla 40 del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 59-60, 215 DPR __ (2025).

[30] *Coop. Seguros Múltiples de P.R. v. Lugo,* 136 DPR 203, 208 (1994).

[31] *BPPR v. SLG Gómez-López,* 213 DPR 314, 334 (2023).

[32] *Mejías v. Carrasquillo*, 185 DPR 288, 306-307 (2012).

[33] *Íd.*

cuya revisión se solicitó, como tampoco constituye una adjudicación en sus méritos.[34] Meramente, responde a la facultad discrecional del foro apelativo intermedio para no intervenir a destiempo con el trámite pautado por el foro de instancia.[35]

III

En el presente caso, la peticionaria esencialmente plantea que el tribunal *a quo* incidió al no autorizar la utilización de un perito, como parte del descubrimiento de prueba en el caso, habida cuenta de su incumplimiento con la calendarización del referido descubrimiento.

Según expusimos en nuestra exposición doctrinal previa, el *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior.[36] A esos efectos, la naturaleza discrecional del recurso de *certiorari* queda enmarcada dentro de la normativa que le concede deferencia de las actuaciones de los Tribunales de Primera Instancia, de cuyas determinaciones se presume su corrección. Por ello, aunque la Regla 52.1 de Procedimiento Civil permite que mediante un auto de *certiorari* intervengamos en asuntos relativos a peritos,[37] esta Regla no opera en el vacío, tiene que anclarse en una de las razones de peso que establece la Regla 40 del Reglamento del Tribunal de Apelaciones.[38] Por otro lado, conviene mencionar que los jueces de instancia tienen gran flexibilidad y discreción para lidiar con el diario manejo y tramitación de los asuntos judiciales.[39] Particularmente, con aquellos relacionados al descubrimiento de prueba.

---

[34] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96 (2008).
[35] *Torres Martínez v. Torres Ghigliotty*, supra, a la pág. 96.
[36] *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009).
[37] 32 LPRA Ap. V, R. 52.1.
[38] *In re Aprob. Enmdas. Reglamento TA*, supra, a las págs. 59-60.
[39] *BPPR v. SLG Gómez-López*, supra, a las págs. 333-334.

Tras evaluar minuciosamente el recurso presentado por la peticionaria, y luego de una revisión de la totalidad del expediente ante nos, es nuestra apreciación que no se configuran ninguna de las instancias que justificaría la expedición del auto de *certiorari* al amparo de Regla 52.1 de Procedimiento Civil,[40] ni tampoco en virtud de la Regla 40 del Reglamento del Tribunal de Apelaciones.[41] El señalamiento de error y los fundamentos aducidos en la petición presentada no logran activar nuestra función discrecional en el caso de autos. Por otro lado, entendemos que el dictamen recurrido no es patentemente erróneo, y encuentra cómodo resguardo en la sana discreción de la primera instancia judicial. Además, razonamos que la peticionaria no nos ha persuadido de que, al aplicar la norma de abstención apelativa en este momento, conforme al asunto planteado, constituirá un rotundo fracaso de la justicia. Menos aun cuando coincidimos en que no existen elementos que justifiquen nuestra intervención con el manejo del caso, según determinado por el foro primario en este caso.

Por todo lo antes mencionado, no atisbamos razón para intervenir con la determinación recurrida.

IV

Por los fundamentos que anteceden, se *deniega* la expedición del auto de *certiorari.*

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[40] 32 LPRA Ap. V, R. 52.1.
[41] 4 LPRA Ap. XXII-B, R.40.